IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD MUKETE MUKUM | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2235-P |
| | § | |
| ALBERTO GONZALES, | § | |
| U.S. Attorney General, ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Richard Mukete Mukum, appearing *pro se*, has filed an application for writ of habeas corpus challenging his continued detention in immigration custody pending his removal to Cameroon. In his sole ground for relief, petitioner contends that he has been held without bond for more than six months after he was ordered removed in violation of section 241(a) of the Immigration and Nationality Act ("INA"), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).[1] After screening the habeas petition, the court determines that this case should be dismissed as moot.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Under the case or controversy requirement,

---

[1] Section 241(a)(1)(A) of the INA provides, in relevant part:

> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . .

8 U.S.C. § 1231(a)(1)(A).

"[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.*, *quoting Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.*, *quoting Lewis*, 110 S.Ct. at 1253. In a nearly identical case brought by petitioner in the Abilene Division of the Northern District of Texas, the court dismissed his application for writ of habeas corpus as moot because "Petitioner was released on November 7, 2006, by an order of supervision from the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("BICE")." *Mukum v. Gonzales*, No. 1-06-CV-128-C (N.D. Tex. Dec. 4, 2006).[2] The instant case should be dismissed for the same reason. *See also Li v. Gonzales*. No. H-06-2699, 2006 WL 3447654 (S.D. Tex. Nov. 21, 2006).

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed as moot.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] Petitioner filed the Abilene case on October 2, 2006. Thereafter, on November 1, 2006, petitioner filed the instant section 2241 action in the United States District Court for the District of Columbia. That case was transferred to this court on December 6, 2006. *See Mukum v. Gonzales*, No. 1-06-CV-1867-UNA.

DATED: December 14, 2006.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE